contractor at that stage of the work is not sufficient to justify abandonment of the work for non-payment of the full amount the subcontractor deems due him at the time. On the part of the architect it is essential that he act in a judicial manner, not hastily or capriciously, and that he apply reasonable care and good judgment in making his estimates, that he may not deal unjustly with the subcontractor, who is entitled to a fair payment that he may meet his payrolls, pay for material and go forward with his contract unhampered by lack of funds fairly due him. Any other course would put it within the power of the architect to prevent performance or fulfillment of the contract as a matter of mere whim, caprice or neglect of the duty with which he is charged. There was evidence offered by appellants justifying the estimate made by the architect. On the other hand, there was evidence on the part of the respondents showing that the estimate was so inaccurate and inadequate as to permit the conclusion that it was not made in good faith by one who should have been animated by a purpose to turn over to the subcontractor an amount fairly and justly due under the contract at that state of completion. There was further evidence that the requisition of $18,500 made about November first was made at the instance of the contractor, one of the appellants, on the basis that the work was practically fifty per cent completed. It did not furnish these facts to the architect so that the latter might have had the estimate of the contractor in addition to the purely visual observations he had made when he estimated the contract for lathing and plastering at only twenty-five per cent completed. We accept the findings of the official referee on this controverted question. He saw and heard the witnesses and had opportunity to weigh and consider the testimony in connection with many documents and exhibits. Evidently he accepted the admissions of the officers of the defendant in respect to the percentage of work completed on November first. This deliberate and unbiased determination we deem of more value than plausible computations and deductions made by taking portions of the evidence, including figures of experts made after the work had been completed, by which means a contrary conclusion might be reached. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

HENRY P. FERRAND, Respondent, v. BROOKLYN DAILY EAGLE and TRI-COUNTY PUBLISHING CORPORATION, Appellants.— Order denying motion to dismiss the complaint for insufficiency affirmed, with ten dollars costs and disbursements, with leave to answer within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

KATHLEEN FERRAND, Respondent, v. BROOKLYN DAILY EAGLE and TRI-COUNTY PUBLISHING CORPORATION, Appellants.— Order denying motion to dismiss the complaint for insufficiency affirmed, with ten dollars costs and disbursements, with leave to answer within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

IRVING GLAZER, by NATHAN GLAZER, His Guardian ad Litem, and NATHAN GLAZER, Respondents, v. DAVID MILLER, Appellant.— Order denying defendant's motion to vacate the notice of examination before trial affirmed, with ten dollars costs and disbursements; the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

ABRAHAM GUTMAN, an Infant over the Age of Fourteen Years, by ISIDOR GUTMAN, His Guardian ad Litem, and ISIDOR GUTMAN, Individually, Appellants,